# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | <u>CRIMINAL COMPLAINT</u> |
| v. | : | Mag. No. 12-7275 |
| ZHIFEI LI | : | HON. CATHY L. WALDOR |

I, Jeff G. Thomson, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with U.S. Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Special Agent Jeff G. Thomson
U.S. Department of Homeland Security,
 Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,
September 27, 2012, at Newark, in the District of New Jersey

_____
Signature of Judicial Officer

HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

1. At all times relevant to this Complaint:

   a. It was unlawful to fraudulently and knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article and object contrary to any law and regulation of the United States, and receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article and object, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, in violation of Title 18, United States Code, Section 554.

   b. The United States was a signatory to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"). CITES protected certain species of fish, wildlife, and plants against overexploitation by regulating trade in the species. Protected species were listed in appendices to CITES (Appendices I, II, and III). CITES is implemented under the authority of the Endangered Species Act and the regulations promulgated thereunder (16 U.S.C. § 1538(c); 50 C.F.R. Parts 14 and 23). An animal species listed as protected within CITES could not be exported from the United States without prior notification to, and approval from, the U.S. Fish and Wildlife Service. All rhinoceros species had a minimum level of protection under CITES under Appendix II, and some were listed under Appendix I as well. Under Appendix I and Appendix II of CITES, a species could be exported lawfully from the United States only if, prior to exportation, the exporter possessed a valid CITES export permit issued for a fee by the United States for that export activity.

   c. A person who commits an offense against the United States and aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. 18 U.S.C. § 2.

2. Between on or about January 4, 2012, through and including on or about January 30, 2012, in the District of New Jersey, and elsewhere, defendant

## ZHIFEI LI

did fraudulently and knowingly export and send from the United States, and cause to be exported and sent from the United States, merchandise, namely CITES-protected rhinoceros horns, contrary to law and regulation of the United States, and receive, conceal, buy and facilitate the transportation and concealment, of such merchandise, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, that is, (1) without declaring said merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63; and (2) without obtaining an export permit, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(c) and 1540(b), and the Convention on International Trade in Endangered Species of Wild Fauna and Flora, Title 50, Code of Federal Regulations, Sections 23.13(a) and 23.13(c), all in violation of Title 18, United States Code, Sections 554 and 2.

ATTACHMENT B

I, Jeff G. Thomson, am a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement. I have knowledge of the facts set forth below as a result of my participation in this investigation as well as my review of reports from, and discussions with, other law enforcement personnel. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

BACKGROUND

1. From at least in or about February 2011 to at least on or about February 23, 2012, an individual herein identified as the "U.S. Buyer" purchased at least approximately 18 rhinoceros horns in the United States from another individual, residing inside or outside the United States, herein identified as the "Foreign Broker." According to the U.S. Buyer and records maintained by the U.S. Buyer, he made the purchases on behalf of defendant ZHIFEI LI (hereinafter, "defendant LI"), a Chinese national, who resided in Shamdong Province in the People's Republic of China.

2. Prior to many or all of the purchases, the Foreign Broker contacted the U.S. Buyer and informed the U.S. Buyer of rhinoceros horns that were available for sale. The Foreign Broker provided the U.S. Buyer with information regarding the available rhinoceros horns, including the weight, number of horns, and photographs of the horns, which information the U.S. Buyer, in turn, provided to defendant LI.

3. After receiving such information, defendant LI typically directed the U.S. Buyer to purchase the rhinoceros horns and to export them out of the United States. Payment for the rhinoceros horns to the Foreign Broker was typically made in the form of wire transfer or U.S. currency, or both. Defendant LI wired funds from foreign bank accounts controlled by defendant LI to U.S. bank accounts controlled by the U.S. Buyer. The U.S. Buyer, in turn, wired funds from U.S. bank accounts to bank accounts controlled by the Foreign Broker. U.S. currency was obtained by the U.S. Buyer from U.S. bank accounts and provided to the Foreign Broker in person or through others, including an individual in New Jersey herein identified as the "New Jersey Middleman."

4. The Foreign Broker then arranged for the U.S. Buyer to collect the rhinoceros horns in the United States from either the Foreign Broker, or from others, including the New Jersey Middleman.

5. According to the U.S. Buyer, upon receiving the rhinoceros horns in New Jersey or elsewhere in the United States, the U.S. Buyer shipped the rhinoceros horns to Hong Kong or the People's Republic of China via the U.S. Postal Service to an address provided by defendant LI. The U.S. Postal Service Express Mail Service was used because defendant LI and the U.S.

Buyer believed it would reduce the likelihood that the package would be inspected by government officials. Defendant LI provided the U.S. Buyer with instructions that the packages should be falsely labeled so as not to reveal their true contents or value. Neither the U.S. Buyer nor defendant LI declared to United States Fish and Wildlife Service the exports of rhinoceros horns from the United States, nor did the U.S. Buyer or defendant LI obtain the requisite CITES export permit for those shipments.

## JANUARY 2012 SMUGGLING OF A RHINOCEROS HORN

6. On or about January 4, 2012, the Foreign Broker contacted the U.S. Buyer regarding the possible sale of a rhinoceros horn. On or about January 11, 2012, the U.S. Buyer traveled to New Jersey and took photographs of the horn that was in the possession of the New Jersey Middleman. On or about that same day, the U.S. Buyer sent an email to defendant LI at an address associated with a Chinese internet service provider, containing photographs of the rhinoceros horn, including photos depicting the weight of the rhinoceros horn on a scale. Defendant LI indicated that he wished to purchase this rhinoceros horn. The U.S. Buyer then purchased and received the rhinoceros horn in New Jersey on behalf of defendant LI. On or about January 11 and 13, 2012, defendant LI transferred funds from various accounts and corporations in the People's Republic of China to the U.S. Buyer in the United States. On or about January 17, 2012, the U.S. Buyer transferred funds to the Foreign Broker in partial payment for the rhinoceros horn. On or about an exact date unknown but in or about January 2012, the U.S. Buyer smuggled the rhinoceros horn and exported it from the United States via express mail to an address outside of the United States provided by defendant LI. Neither the U.S. Buyer nor defendant LI declared the export to the U.S. Fish and Wildlife Service or obtained the requisite CITES export permit for that shipment as was required by law.